UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LEON LO PAIGE, JR.,**

   **Plaintiff,**

 v.                                                          Case No. 22-CV-1222

**DR. PHILIP WHEATLEY,** *et al.***,**

   **Defendants.**

## ORDER

On September 15, 2023, the defendant Dr. Philip Wheatley filed a motion for summary judgment on the merits. (ECF No. 13.) Pursuant to Civil Local Rule 15(b)(2), and a Notice and Order issued by the court on September 18, 2023, *pro se* plaintiff Leon Lo Paige Jr. had until October 15, 2023, to respond to Dr. Wheatley's motion for summary judgment. (ECF No. 18.) The court cautioned Paige that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by Dr. Wheatley as true and likely grant her motion. On October 10, 2023, Paige filed a motion for extension of time to respond to Dr. Wheatley's motion, (ECF No. 19), which the court granted, giving him until December 15, 2023.

The December 15, 2023, deadline has passed, and Paige still has not filed a response. As such, the court will construe Dr. Wheatley's motion for summary judgment as unopposed. The court has reviewed Dr. Wheatley's motion, brief in

support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that he and the John Doe defendants are entitled to summary judgment on the merits. The undisputed facts show that the defendants were not deliberately indifferent to his shoulder issues. Accordingly, Dr. Wheatley's motion is granted, and the case is dismissed.

**IT IS THEREFORE ORDERED** that Dr. Wheatley's motion for summary judgment (ECF No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot

2

Case 2:22-cv-01222-SCD    Filed 02/05/24    Page 2 of 3    Document 20

extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 5th day of February, 2024.

*[signature]*
STEPHEN DRIES
United States Magistrate Judge

3